IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GARLAND MOORE and DARA MOORE | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. |
| THE CITY OF FLORISSANT, MISSOURI, | ) ) ) | **JURY TRIAL DEMANDED** |
| and | ) ) | |
| NICHOLAS OSMER, in his individual and official capacities, | ) ) ) | |
| and | ) ) | |
| JARROD CODER, in his individual and official capacities, | ) ) ) | |
| TIMOTHY J. LOWERY, in his official capacity of Chief of Police, | ) ) ) | |
| JOHN DOE I-V, in their individual and official capacities, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

## PARTIES AND JURISDICTION

1.     At all times relevant herein, Plaintiff Garland Moore was a citizen and resident of

St. Louis County, State of Missouri, within the Eastern Division of the Eastern District of

Missouri.

2.     At all times relevant herein, Plaintiff Dara Moore was a citizen and resident of St.

Louis County, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

Dara Moore is the aunt of Garland Moore.

3.     The City of Florissant, Missouri (hereinafter, the "City") is in St. Louis County, Missouri in the Eastern Division of the Eastern District of Missouri.  The City is a municipal corporation organized and existing under the laws of the State of Missouri and more specifically, a fourth class city.

4.     Upon information and belief, the City maintains a policy or policies of insurance with respect to tort claims filed against it/them and its employees, agents and elected officials including Defendants Nicholas Osmer and Officer Coder.

5.     At all times relevant herein, Nicholas Osmer (hereinafter "Osmer") was a patrol officer with the Florissant Police Department (hereinafter "Department").  At all times relevant herein, he was acting in his capacity as an agent, servant and/or employee of the Department and the City and was acting under color of law and pursuant to either official policy or the custom and practice of the Department and/or the City.  He is sued in his official and individual capacities.

6.     At all times relevant herein, Jarrod Coder (hereinafter "Coder") was a patrol officer with the Florissant Police Department (hereinafter "Department").  At all times relevant herein, he was acting in his capacity as an agent, servant and/or employee of the Department and the City and was acting under color of law and pursuant to either official policy or the custom and practice of the Department and/or the City.  He is sued in his official and individual capacities.

7.     At all times relevant herein, John Does I-V are potentially five unknown and unidentifiable officers with the Department. At all times relevant herein, John Does I-V were acting in their capacities as an agent, servant and/or employee of the Department and the City and was acting under color of law and pursuant to either official policy or the custom and

2

practice of the Department and/or the City.  They are sued in their official and individual capacities.

8.      At all times relevant herein, Defendants Osmer, Coder and John Does I-V acted under color of the laws, statutes, ordinances, and regulations of the United States, the State of Missouri, and the City.

9.      At all times relevant herein, Defendants Osmer, Coder and John Does I-V acted under the management, regulations, policies, customs, practices and usages of the Department and/or City pursuant to his authority as either a law enforcement officer and/or City official.

10.     Defendant Timothy J. Lowery, holds the rank of Police Chief Colonel with the City of Florissant Police Department and is the ultimate supervisor for Defendants Osmer and Coder. Defendant Lowery is in charge of the Police Department and is a policy maker for the City.

11.     The acts alleged herein occurred in the City of Florissant, St. Louis County, Missouri, within the Eastern Division of the Eastern District of Missouri.

12.     This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

13.     Plaintiffs demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## **FACTS COMMON TO ALL COUNTS**

14.     In November of 2015, Garland and Dara Moore were having issues with Garland Moore's cousin, with and on behalf of Garland Moore's ex-wife, calling the residence of and harassing Garland and Dara Moore.

15.     On November 3, 2015, Officer Osmer arrived at the residence of Garland and Dara Moore.

16.     Garland Moore was outside of the residence when Officer Osmer arrived.

17.     Officer Osmer asked Garland Moore words to the effect of, "What's going on?"

18.     Garland Moore responded that his aunt (Plaintiff Dara Moore) had been on the phone with the harassers (the ex-wife and the cousin) and she was in the house, and then turned to go into the house to retrieve Dara Moore.

19.     Officer Osmer grabbed Garland Moore from behind and told him that he was under arrest.

20.     Officer Osmer began punching Garland Moore, slammed his head into the car, kneed him, bent and twisted his left wrist, and made other unnecessary and unprovoked physical contact with Garland Moore.

21.     Officer Osmer threw Garland Moore to the ground.  Once on the ground, Officer Osmer grabbed Garland Moore's head and slammed his head into the ground at least three times.

22.     At no time did Garland Moore resist arrest or provoke any physical assault from Officer Osmer.

23.     Garland Moore was transported to a local hospital after the assault.

24.     Garland Moore was falsely charged with "assault on a law enforcement officer" and "resisting arrest."  Both charges were later dismissed.

25.     When Dara Moore came out of the house to see what was happening, she was placed under arrest and later falsely charged with "Interfering with a Police Officer."  The charge was later dismissed.

26.    Dara Moore, who is of small stature and physically disabled, was grabbed and physically dragged in a violent and rough manner off of her property and into a police vehicle by Defendant Coder and potentially five other officers, named herein as John Does I-V.

27.    As a result of Coders and John Does actions towards Dara Moore, Dara Moore was injured.

28.    At no time did Dara Moore resist arrest or provoke any physical assault for Defendant Coder or John Does.

29.    It is a policy, custom and practice of Defendants to falsely charge citizens with crimes to cover up their own misdeeds.

30.    Upon information and belief, the City and its police department and/or police officers have previously engaged in constitutional violations similar to those set forth herein, to include but not necessarily be limited to false arrests of African-American citizens and residents of Florissant, Missouri, and the use of unnecessary and unwarranted physical force against African-American citizens, showing a pattern and practice, custom and usage on the part of Defendants to violate the constitutional rights of African-American citizens under color of state law.

## COUNT I
## DARA MOORE'S CLAIM FOR UNCONSTITUIONAL ARREST
## COGNIZABLE UNDER 42 U.S.C. § 1983
## (AGAINST ALL DEFENDANTS)

For Count I of Dara Moore's cause of action against all Defendants, Plaintiff states as follows:

31.    Plaintiff Dara Moore incorporates by reference each and every allegation and averment set forth in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

32.     Defendant Coder, with the assistance of Defendant Osmer, falsely arrested and held Dara Moore on November 3, 2015 without probable cause, justification or lawful authority to do so when she was at her own residence and had not committed any unlawful act.

33.     Dara Moore was charged with "interference with a police officer."

34.     The unlawful charge against Dara Moore was later dismissed.

35.     In the City of Florissant, the Defendants, under the guidance, leadership and/or the direction of Defendant Lowery, have created and followed through with a pattern and practice of unlawfully arresting and harassing African-American citizens without probable cause and filing false charges.

36.     As a direct and proximate result of the unlawful and malicious arrest of Dara Moore by Defendants, committed under color of law and under their authority as City officials, Dara Moore was deprived of her right to be free from the unreasonable search and seizure of her person, as well as her liberty and due process rights, in violation of the Fourth and Fourteenth Amendments to the United State Constitution actionable pursuant to 42 U.S.C. § 1983.

37.     As a direct and proximate result of the unlawful and malicious arrest of Dara Moore by Defendants, Dara Moore suffered emotional injuries and damages. The unlawful actions of the Defendants caused her pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

38.     The conduct of the Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to

6

punish the Defendants in the individual capacities and to deter each of them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Dara Moore prays for judgment against the Defendants seeking money damages against them for compensatory damages in an amount that is fair and reasonable for her emotional pain and suffering; for punitive damages against each Defendant in his individual capacity; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT II**
**DARA MOORE'S CLAIM FOR USE OF EXCESSIVE FORCE COGNIZABLE UNDER**
**42 U.S.C. §1983**
**(AGAINST ALL DEFENDANTS)**

For Count II of Plaintiff Dara Moore's cause of action against all Defendants, Plaintiff states:

1.	Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

2.	Defendants Coder and potentially five other officers, named herein as John Does I-V, used physical force against Plaintiff while illegally arrested her, by dragging her off of her residence in a physically aggressive and injurious way, without cause or justification, which actions and conduct caused Plaintiff to sustain injuries and damages.

3.	Defendant Coder's and John Does' use of force was unnecessary and punitive.

4.	Plaintiff had a Constitutional right to be free from the excessive use of force.

5.	In the City of Florissant, the Defendants, under the guidance, leadership and/or the direction of Defendant Lowery, have created and followed through with a pattern and

7

practice of harassing and assaulting African-American citizens without justification or provocation.

6.      The use of force by Coder and John Doe Officers was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not attempting to escape, was not acting violently or aggressively, or in a manner that posed any obvious danger to herself or anyone else, and therefore was in violation of Plaintiff's rights under the 4th and/or 14th Amendments to the United States Constitution.

7.      As a direct and proximate result of the actions of Coder and John Does as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: injury and pain to her back.

8.      Plaintiff cannot currently afford to seek the necessary treatment for injuries but will incur medical expenses in the future as a direct and proximate result of the actions of Coder and John Does as alleged herein.

9.      As a direct and proximate result of the actions of Coder and John Does, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

10.     The acts of Defendants were taken under color of state law.

11.     The conduct of the Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in the individual capacities and to deter each of them, and others from the same or similar transgressions in the future.

8

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against the Defendants in his their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

<u>**COUNT III**</u>
<u>**GARLAND MOORE'S CLAIM FOR UNCONSTITUIONAL ARREST**</u>
<u>**COGNIZABLE UNDER 42 U.S.C. § 1983**</u>
<u>**(AGAINST ALL DEFENDANTS)**</u>

For Count III of Garland Moore's cause of action against all Defendants, Plaintiff states as follows:

12.     Plaintiff Garland Moore incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

13.     Defendants falsely arrested and held Garland Moore on November 3, 2015 without probably cause, justification or lawful authority to do so when he was at his own residence and had not committed any unlawful act.

14.     Garland Moore was charged with "assault on a police officer" and "resisting arrest."

15.     These unlawful charges against Garland Moore were later dismissed.

16.     In the City of Florissant, the Defendants, under the guidance, leadership and/or the direction of Defendant Lowery, have created and followed through with a pattern and practice of unlawfully arresting and harassing African-American citizens without probable cause and filing false charges.

9

17.     In this case, Defendant Osmer, specifically, filed the false and malicious charges against Garland Moore to cover up his own unlawful deeds of assaulting Garland Moore without justification and provocation.

18.     As a direct and proximate result of the unlawful and malicious arrest of Garland Moore by Defendants, committed under color of law and under their authority as City officials, Garland Moore was deprived of his right to be free from the unreasonable search and seizure of her person, as well as his liberty and due process rights, in violation of the Fourth and Fourteenth Amendments to the United State Constitution actionable pursuant to 42 U.S.C. § 1983.

19.     As a direct and proximate result of the unlawful and malicious arrest of Garland Moore by Defendants, Garland Moore suffered emotional injuries and damages. The unlawful actions of the Defendants caused him pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

20.     The conduct of the Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in the individual capacities and to deter each of them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Garland Moore prays for judgment against the Defendants seeking money damages against them for compensatory damages in an amount that is fair and reasonable for her emotional pain and suffering; for punitive damages against each Defendant in his individual capacity; for the costs of this action, to include but not necessarily be limited to

reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT IV**
**GARLAND MOORE'S CLAIM FOR USE OF EXCESSIVE FORCE COGNIZABLE**
**UNDER 42 U.S.C. §1983**
**(AGAINST ALL DEFENDANTS)**

For Count IV of Plaintiff Garland Moore's cause of action against all Defendants, Plaintiff states:

21.     Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

22.     Defendant Osmer assaulted Plaintiff without cause or justification, which actions and conduct caused Plaintiff to sustain injuries and damages.

23.     Defendant Osmer's use of force was unnecessary and punitive.

24.     Plaintiff had a Constitutional right to be free from the excessive use of force.

25.     In the City of Florissant, the Defendants, under the guidance, leadership and/or the direction of Defendant Lowery, have created and followed through with a pattern and practice of harassing and assaulting African-American citizens without justification or provocation.

26.     The use of force by Osmer was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not attempting to escape, was not acting violently or aggressively, or in a manner that posed any obvious danger to himself or anyone else, and therefore was in violation of Plaintiff's rights under the 4th and/or 14th Amendments to the United States Constitution.

27.    As a direct and proximate result of the actions of Osmer as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: injury to his head, back and left wrist.

28.    Plaintiff required, and became responsible for the cost of medical care and treatment.  Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of Osmer as alleged herein.

29.    As a direct and proximate result of the actions of Osmer, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

30.    The acts of Defendants were taken under color of state law.

31.    The conduct of the Defendants and each of them jointly and separately was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendants in the individual capacities and to deter each of them, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against the Defendants in his their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT V
## GARLAND MOORE'S CLAIM FOR USE OF EXCESSIVE FORCE COGNIZABLE
## UNDER 42 U.S.C. §1983
## (AGAINST ALL DEFENDANTS)

For Count V of Plaintiff Garland Moore's cause of action against all Defendants, Plaintiff states:

32.     Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

33.     Defendant Osmer assaulted Plaintiff without cause or justification, which actions and conduct caused Plaintiff to sustain injuries and damages.

34.     Defendant Osmer's use of force was unnecessary and punitive.

35.     Plaintiff had a Constitutional right to be free from the excessive use of force.

36.     In the City of Florissant, the Defendants, under the guidance, leadership and/or the direction of Defendant Lowery, have created and followed through with a pattern and practice of harassing and assaulting African-American citizens without justification or provocation.

37.     The use of force by Osmer was unreasonable, obdurate, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not attempting to escape, was not acting violently or aggressively, or in a manner that posed any obvious danger to himself or anyone else, and therefore was in violation of Plaintiff's rights under the 4th and/or 14th Amendments to the United States Constitution.

38.     As a direct and proximate result of the actions of Osmer as set forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: injury to his head, back and left wrist.

39.     Plaintiff required, and became responsible for the cost of medical care and treatment.  Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of Osmer as alleged herein.

40.     As a direct and proximate result of the actions of Osmer, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, change in appearance, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

41.     The acts of Defendants were taken under color of state law.

42.     The acts of Defendants involved a reckless or callous indifference to the federally protected rights of Plaintiff, making an award of punitive damages appropriate in this case to deter him and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against the Defendants in his their individual capacities; plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

### COUNT VI
### FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL, AND/OR DISCIPLINE AGAINST THE CITY OF FLORISSANT COGNIZABLE UNDER 42 U.S.C. § 1983

For Count VI of Garland and Dara Moore's cause of action against all Defendants, Plaintiffs state:

43.     Plaintiffs incorporate by reference each and every allegation and averment contained in the preceding paragraph of her Complaint as though fully set forth herein.

14

44.     Defendants Osmer and Coder violated the constitutional rights of Garland Moore and Dara Moore as set forth herein.

45.     There exists within the Police Department and/or the City policies or customs, practices and usages that are so pervasive that they constitute the policies of this Defendant, that caused the constitutional deprivations of the Moores as set forth herein. The policies, customs, practices, and usages that exist are:

        A.  To arrest African-American subjects without reasonable cause or provocation and in violation of their constitutional rights;

        B.  To ignore the policies and procedures of Florissant and/or the Police Department, by encouraging and/or permitting the false arrests of suspects, particularly African-American citizens;

        C.  To engage in a course of conduct designed to cover-up and insulate City officials from sanction, civil and criminal, and or by the Department or City when targeting African-American citizens; and

        D.  To fail to adequately train, supervise, and/or discipline police officers and/or City officials concerning the practices afore-described to assure compliance with City and/or Department policy, state and federal laws, and the Constitution of the United States.

46.     Alternatively and without waiver of the foregoing, the City's training and program was not adequate to train its officers and officials to properly handle reoccurring situations like the one involving the Moores, and therefore, the City had a policy or custom of failing to adequately train employees/officials of the City and/or Department.

15

47.     The City and/or the Department knew that more and/or different training was needed to avoid the false arrests of African-Americans and other constitutional deprivations of the Plaintiffs.

48.     The City is ultimately vested with the duty, power and authority to train, supervise, discipline and otherwise control the officers of the Police Department. The City failed in its duty to so train, supervise and discipline Defendants Osmer and Coder in general and specifically so as to conform their conduct with constitutional requirements. Specifically, the City failed to adequately train, supervise and discipline officers of the Police Department/agents of the City in the proper and lawful arrests of subjects, particularly African-American citizens; failed to train, supervise and discipline officers with regard to the duty to intervene and/or report transgressions, and to truthfully respond to inquiries. The city effectively abrogated the power to train, supervise, discipline and control officers of the Police Department/agents of the City, resulting in the constitutional deprivations to the Moores as set forth above.

49.     The acts of the Defendants as set forth herein were taken under color of state law.

50.     As a direct and proximate result of the actions of this Defendant as set forth herein, Garland Moore has been damaged as a result of being responsible for medical bills, physical injury, by pain and suffering, emotional damages, pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

51.     As a direct and proximate result of the actions of this Defendant as set forth herein, Dara Moore has been damaged as a result of emotional damages, pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

16

52.     The conduct of Defendants as afore-described was outrageous because of their evil motive(s) and/or their reckless indifference to the rights and well-being of Plaintiffs and was wrongful without just cause or excuse, and therefore, Plaintiffs are entitled to an award of punitive damages against Defendants Osmer and Coder in their individual capacities.

WHEREFORE, Plaintiffs Garland Moore and Dara Moore pray for judgment against the Defendants seeking money damages against them for compensatory damages in an amount that is fair and reasonable for her emotional pain and suffering; for punitive damages against each Defendant in his individual capacity; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

<u>**COUNT VII**</u>
<u>**DARA MOORE'S CLAIM FOR MALICIOUS PROSECUTION**</u>
<u>**UNDER MISSOURI STATE LAW**</u>
<u>**AGAINST THE CITY OF FLORISSANT AND DEFENDANT CODER**</u>

For Count VII of Plaintiff Dara Moore's cause of action against Defendants the City of Florissant and Defendant Coder, Plaintiff states as follows:

53.     Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

54.     Defendants initiated, instigated and/or commenced criminal prosecution against Dara Moore through the issuance of one summons against her: (1) Interference with a police officer.

55.     The charge terminated in Plaintiff's favor with the charge being nolle prosequied (dismissed entirely).

56.     Defendants acted maliciously in filing the above charges against Dara Moore in that they intentionally and wrongfully filed the charges, knowing that the alleged "facts" upon which the charges were based were false.

57.     Specifically, Defendant Coder contributed to the filing of a false police report with false statements in order to cover up the wrongful actions of himself and Officer Osmer in order to shield himself, Officer Osmer, and the City from liability.

58.     As a direct and proximate result of the unlawful and malicious prosecution of Dara Moore by Defendants, Dara Moore suffered emotional injuries and damages and she incurred legal fees necessary to have the unlawful charges dismissed. The unlawful actions of the Defendants also caused her pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

59.     The conduct of the Defendant Coder was reckless and callously indifferent to the rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendant in his individual capacity and to deter him and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Dara Moore prays for judgment against the Defendants seeking money damages against them for compensatory damages in an amount that is fair and reasonable for her emotional pain and suffering; for punitive damages against Defendant Coder in his individual capacity; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

### COUNT VIII
### GARLAND MOORE'S CLAIM FOR MALICIOUS PROSECUTION
### UNDER MISSOURI STATE LAW
### AGAINST THE CITY OF FLORISSANT AND DEFENDANT OSMER

For Count VIII of Plaintiff Garland Moore's cause of action against Defendants the City of Florissant and Defendant Osmer, Plaintiff states as follows:

60.     Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

61.     Defendants initiated, instigated and/or commenced criminal prosecution against Garland Moore through the issuance of two summons against him: (1) Assault on a law enforcement officer and (2) Resisting arrest.

62.     The charges terminated in Plaintiff's favor with the charges being nolle prosequied (dismissed entirely).

63.     Defendants acted maliciously in filing the above charges against Garland Moore in that they intentionally and wrongfully filed the charges, knowing that the alleged "facts" upon which the charges were based were false.

64.     Specifically, Defendant Osmer filed a false police report with false statements in order to cover up his unlawful assault on Garland Moore without justification or provocation and to shield himself and the City from liability.

65.     As a direct and proximate result of the unlawful and malicious prosecution of Garland Moore by Defendants, Garland Moore suffered emotional injuries and damages and he incurred legal fees necessary to have the unlawful charges dismissed. The unlawful actions of the Defendants also caused him pain of the mind, including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

66.     The conduct of the Defendant Osmer was reckless and callously indifferent to the rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendant in his individual capacity and to deter him and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Garland Moore prays for judgment against the Defendants seeking money damages against them for compensatory damages in an amount that is fair and reasonable for her emotional pain and suffering; for punitive damages against the Defendant in his individual capacity; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT IX**
**GARLAND MOORE'S CLAIM FOR ASSAULT AND BATTERY UNDER MISSOURI**
**STATE LAW AGAINST DEFENDANT OSMER**

For Count IX of Plaintiff Garland Moore's cause of action against Defendant Osmer, Plaintiff states as follows:

67.     Plaintiff Garland Moore incorporates by reference each and every allegation and averment set forth in the preceding paragraphs in this Complaint as though fully set forth herein.

68.     Defendant Osmer physically assaulted Garland Moore, without justification or provocation, by grabbing him from behind, slamming him into a car, punching him, kneeing him and bending and twisting his wrist.

69.     As a result of this unlawful assault and battery, Garland More was injured.

70.     As a direct and proximate result of the assault on Garland Moore by Office Osmer, Garland Moore suffered physical injuries and pain and suffering, and caused him to incur medical bills. The unlawful actions of the Defendants also caused him pain of the mind,

including but not limited to mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, stress and loss of reputation.

71.     The conduct of Osmer was reckless and callously indifferent to the rights of Plaintiff, malicious and wanton with respect to those rights, and an award of punitive damages is warranted and necessary to punish the Defendant in his individual capacity and to deter him, and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Garland Moore prays for judgment against Defendant Osmer seeking money damages against him for compensatory damages in an amount that is fair and reasonable for his physical injuries and pain and suffering and for emotional pain and suffering; for punitive damages against the Defendant in his individual capacity; for the costs of this action, to include but not necessarily be limited to reasonable attorney's fees; and for such other and further relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By:     /s/ *Brandy B. Barth*
Brandy B. Barth, 56668MO
7515 Delmar Blvd.
St. Louis, Missouri 63130
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
bbarth@newtonbarth.com